UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONZA INTERACTIVE GROUP LLC, | : |
| Plaintiff, | : CIV. ACTION NO.: |
| v. | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| VRSE, INC., | : |
| Defendant. | : |

Plaintiff Bonza Interactive Group LLC ("Plaintiff"), by its attorneys, for its Complaint against defendant, VRSE, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, and related claims under 15 U.S.C. §§ 1051 *et seq.* and New York law.  The action arises from Defendant's adoption and use of the trademark VRSE (the "Infringing Mark"), which is nearly identical to Plaintiff's registered trademark VERSE® ("Plaintiff's VERSE® Mark") and used for goods and services nearly identical to Plaintiff's goods and services.  Defendant's egregious infringement has quickly generated significant marketplace confusion as to the source of the respective goods and services of the parties.

## THE PARTIES

2. Plaintiff Bonza Interactive Group LLC is a limited liability company, organized and existing under the laws of Delaware, with a principal place of business at 43-01 22nd Street, Studio 501, Long Island City, New York, 10065.

3. Upon information and belief, Defendant VRSE, Inc. is a Delaware corporation with an address at 38 West 21st Street, 12th Floor, New York, New York, 10010.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b); and 15 U.S.C. §§ 1116, 1121 and 1125(a). This Court has supplemental jurisdiction over Plaintiff's claims under the laws of the State of New York pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant in that Defendant has an office location in New York, New York, and is actively transacting business in the State of New York, including via an extensively publicized project undertaken for The New York Times involving a virtual reality multimedia content platform.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendant is actively transacting business in this District.

## FACTUAL BACKGROUND

### A. Plaintiff's Prior Trademark Rights

7. Plaintiff owns United States Trademark Registration Number 4,868,509 for the mark VERSE® ("the VERSE® Registration"). Notably, the effective date of the VERSE® Registration is September 10, 2014, which is the date on which Plaintiff filed Trademark Application Serial Number 86/977,573, which on December 8, 2015 matured into the VERSE® Registration covering the following goods and services:

> Downloadable mobile applications used for creating, modifying, and distributing multimedia content; downloadable computer software for processing and playing digital media files;
>
> and
>
> Publication of on-line user-generated videos, films, and editorial content on a wide variety of topics and subjects

A copy of the registration certificate issued by the United States Patent and Trademark Office for the VERSE® Registration is attached hereto as Exhibit A. Bonza's registration is *prima facie*

evidence of the validity of the VERSE® mark, of Bonza's ownership of the VERSE® mark, and of Bonza's exclusive right to use the VERSE® mark in commerce on or in connection with the VERSE® goods and services.

8. Plaintiff also owns United States Service Mark Application No. 86/390,751 ("the '751 Application"), covering following services:

> Operating online marketplaces for sellers and buyers of user-generated videos, films, and editorial content on a wide variety of topics and subjects;
>
> Providing chat rooms and online facilities for real-time interaction with other computer users concerning topics of general interest;
>
> Providing websites and mobile sites featuring technology that enables users to upload and share user-generated videos, films, and editorial content on a wide variety of topics and subjects; creating an online community for filmmakers, photographers, writers, and other content creators; design and development of software for creating, modifying, and distributing multimedia content; developing customized web pages and other data feed formats featuring user-defined information

A printout from the website of the United States Patent and Trademark Office showing the details of the '751 Application is attached hereto as Exhibit B. The '751 Application is pending and will register following Plaintiff's submission of a Statement of Use to the United States Patent and Trademark Office for the services that are the subject of the '751 Application.

9. Plaintiff has invested years of intensive effort and substantial expense in developing its VERSE® multimedia content platform, part of which launched in August 2015 and is located at http://www.verse.media. Plaintiff's VERSE® platform facilitates multimedia storytelling by enabling filmmakers, photographers, journalists, and artists working in multiple media to easily create, modify, and share interactive visual and audiovisual content. Screen shots from Plaintiff's VERSE® website are reproduced below and attached hereto as Exhibit C.

3





B. **Defendant's Wrongful Actions**

10.     On January 21, 2015, more than four months after Plaintiff filed the trademark application that ultimately matured into the VERSE® Registration, Defendant filed United States

Trademark Application Serial Number 86/510,375 on an intent-to-use basis for the nearly identical mark VRSE for "software for viewing virtual reality content in the nature of digital images, sounds, photographs, videos, and animated content; software for viewing virtual reality interactive content in the nature of digital images, sounds, photographs, videos, and animated content" ("Defendant's Application").  A copy of Defendant's Application is attached hereto as Exhibit D.

11. Defendant's Application is pending was just published by the United States Patent and Trademark Office for opposition purposes on December 29, 2015; Plaintiff will be timely opposing Defendant's Application..

12. Upon information and belief, Defendant controls the website located at <www.vrse.com>, where Defendant uses and prominently displays the Infringing Mark. A screen shot of the Infringing Mark displayed at www.vrse.com is reproduced below and attached hereto as Exhibit E.



13. Defendant commenced use of The Infringing Mark subsequent to Plaintiff's filing of the VERSE® Registration; additional representative uses of the Infringing Mark are reproduced below and attached hereto as Exhibit F.





14.     Additionally, not only is Defendant prominently displaying the Infringing Mark on its website, the look and feel of Defendant's homepage is also similar to the look and feel of Plaintiff's homepage.  Below are screen shots of Plaintiff's homepage (left) and Defendant's homepage (right). Screen shots of Plaintiff's homepage and Defendant's homepage are also attached hereto as Exhibit G and Exhibit H, respectively.

 

15.     On information and belief and based on public statements made by Defendant, Defendant's VRSE software is used by the New York Times in its recently-launched NYT VR virtual reality mobile software application.

7

### C. Incidents of Actual Confusion and Plaintiff's Protests to Defendant

16. To date, Plaintiff's employees have experienced multiple written instances in email form of actual confusion between Plaintiff's VERSE® Mark and Defendant's use of VRSE. Copies of these emails are attached hereto as <u>Exhibit I</u>.

17. Additional instances of actual confusion between Plaintiff's VERSE® Mark and Defendant's use of VRSE have been communicated to Plaintiff orally, including at business meetings with prospective clients.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Infringement of a Registered Mark under 15 U.S.C. § 1114(a)**

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

19. Defendant has adopted the Infringing Mark VRSE, which is virtually identical to Plaintiff's VERSE® Mark for goods and services nearly identical to and in direct competition with those sold and offered to the public under Plaintiff's VERSE® Mark.

20. Defendant's use of a the Infringing Mark is likely to cause and is already causing confusion, mistake, and deception of the public as to the source of the goods and services sold and offered under the Infringing Mark, such that the public believes that goods and services sold by Defendant under the Infringing Mark originate from, are associated with, or are otherwise authorized by Plaintiff, all to the grave damage of Plaintiff and its goodwill and reputation.

21. As a direct result of Defendant's use of the Infringing Mark, Plaintiff has suffered monetary damages in an amount to be shown at trial.

22. Upon information and belief, since at least as early as September 22, 2015, Defendant's acts of infringement have been willful.

23. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## SECOND CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

25. Defendant's conduct in using in commerce the Infringing Mark constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

26. As a direct result of Defendant's conduct, Plaintiff has suffered monetary damages in an amount to be shown at trial.

27. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## THIRD CLAIM FOR RELIEF
### (New York General Business Law § 360(l))

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

29. Defendant's illegal acts as set forth above have caused damage to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting or blurring the distinctiveness of Plaintiff's VERSE® Mark in violation of New York General Business Law § 360(l).

30. Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation unless this Court enjoins Defendant from its deceptive business practices in using the Infringing Mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently from:

   a. using in interstate or local commerce in any manner the Infringing Mark VRSE or any colorable imitation thereof, or any other mark or designation, whether alone or in combination with any words, symbols, logos, or designs so resembling Plaintiff's VERSE® Mark as to be likely to cause confusion, deception, or mistake with respect to Plaintiff's VERSE® Mark;

   b. committing any acts likely to cause the public to believe that Defendant's goods or services are offered or sold under the control and supervision of Plaintiff, or sponsored, approved by, or connected in any manner with Plaintiff;

   c. otherwise competing unfairly with Plaintiff in any manner;

   d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c) inclusive.

  2. That this Court order Defendant to file an express abandonment of Defendant's Application at the United States Patent and Trademark Office;

  3. That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with the injunction;

  4. That Defendant account for and pay over to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and that the amount of disgorgement for infringement of Plaintiff's VERSE® Trademark be increased by a sum up to the maximum permitted by law;

  5. That Plaintiff be awarded reasonable attorneys' fees and costs; and

6. That Plaintiff have such other and further relief as the Court may deem equitable including, but not limited to, exemplary damages under New York law for Defendant's willful and intentional acts.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all triable issues that are raised by this Complaint.

Dated: January 4, 2016                    Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:   /Daniel I. Schloss/

Daniel I. Schloss
Alan N. Sutin
Masahiro Noda
200 Park Avenue, 38th Floor
New York, NY 10166
Telephone: (212) 801-2256
Facsimile: (212) 805-5571
schlossd@gtlaw.com

*Attorneys for Plaintiff*
*Bonza Interactive Group LLC*